IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-00779-PAB

I-70 & US 40 INVESTMENT COMPANY, LP,

    Plaintiff,

v.

WESTLB AG, NEW YORK BRANCH,
CCI FUNDING I, LLC, and
JANICE STEINLE, in her capacity as Chapter 11 Trustee for CCI Funding I, LLC,

    Defendants.

---

**ORDER**

---

This matter is before the Court on the Motion for Remand [Docket No. 19] filed by plaintiff I-70 & US 40 Investment Company, L.P. Plaintiff requests an order remanding this case to the District Court for Arapahoe County, Colorado. Docket No. 19. Defendants do not oppose plaintiff's request. Docket No. 26.

On February 6, 2015, plaintiff filed this case in the District Court for Arapahoe County, Colorado. Docket No. 1 at 1. On March 12, 2015, defendants CCI Funding I, LLC and Janice Steinle were served with the complaint. *Id.* at 2. On March 13, 2015, defendant WestLB, New York Branch was served with the complaint. *Id.* On April 14, 2015, defendants filed a notice of removal, seeking to remove this case pursuant to 28 U.S.C. § 1334(b), § 1446(a)-(b), and § 1452(a). Docket No. 1. On April 15, 2015, defendants filed the Motion for Extension of Time to File Notice of Removal Pursuant to ECF-Civ. Section 4.2(c) [Docket No. 9]. Defendants conceded that the deadline for

filing the notice of removal was April 13, 2015, Docket No. 1 at 2, but, due to electronic filing difficulties, requested "a one-day extension of the deadline to file the Notice of Removal." Docket No. 9 at 2. The Court struck defendants' motion for extension of time for failure to comply with D.C.COLO.LCivR 7.1(a) and this Court's Practice Standards. Docket No. 11. Defendants did not refile a conforming motion.

On May 8, 2015, plaintiff filed a motion to remand, asserting that defendants' notice of removal was untimely and that the Court lacked federal question subject matter jurisdiction over this case. Docket No. 19 at 2-3. Plaintiff requests that the Court remand this case and award plaintiff attorney's fees and costs. *Id.* at 4. In response, defendants concede that the notice of removal was untimely and that remand is appropriate, but argue that plaintiff is not entitled to attorney's fees and costs. Docket No. 26 at 2.

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). Because the 30 day time limit set forth in § 1446(b)(1) is a procedural, rather than a jurisdictional requirement, a motion to remand the case based upon the failure to comply with § 1446(b)(1) "must be made within 30 days after the filing of the notice of removal . . . ." § 1447(c); *see also Bachman v. Fred Meyer Stores, Inc.*, 402 F. Supp. 2d 1342, 1345 (D. Utah 2005).

Plaintiff's motion to remand is timely filed pursuant to § 1447(c). Defendants concede that this case should be remanded because, pursuant to § 1446(b)(1), they were required to file the notice of removal on or before April 13, 2015, but failed to do

so. Docket No. 1 at 2, ¶ 3; Docket No. 26 at 2.[1]  As a result, defendants' notice of removal, filed on April 14, 2015, is untimely and this case will be remanded for failure to comply with § 1446(b)(1). *See Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) ("Removal statutes are to be strictly construed" (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941))). The Court need not reach plaintiff's jurisdictional arguments.

The Court turns to plaintiff's request for attorney's fees. Pursuant to § 1447, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." § 1447(c). The decision of whether to award costs and expenses under § 1447(c) rests in the discretion of the district court. *See Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1147 (10th Cir. 2004); *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 325 (10th

---

[1] Defendants' statement that the Court "denied" their motion for extension of time is incorrect. Docket No. 26 at 1. Rather, the motion for extension of time was stricken for violation of the Local Rules and this Court's Practice Standards. Even if the Court had considered the merits of defendants' request, the weight of authority indicates that courts have no authority to extend the time period set forth in 28 U.S.C. § 1446(b)(1). *See VOA Nat'l Housing Corp. v. Instar Servs. Grp., LP*, 2014 WL 6698317, at *2 (E.D. La. Nov. 26, 2014) ("[a] federal district court does not have authority to enlarge or extend" the § 1446(b) 30-day time period); *THS Co., LLC v. Sheraton World Resort Orlando*, 2006 WL 3731205, at *2 (D.N.J. Dec. 18, 2006) ("The [§ 1446(b)] statutory period is an inflexible rule of law determining the time within which an application to remove must be made, and the Court has no discretionary power to enlarge this period." (quotations omitted)); *Stone Street Capital, Inc. v. McDonald's Corp.*, 300 F. Supp. 2d 345, 350 (D. Md. 2003) ("the court cannot extend the time for filing removal because it simply does not have the authority to extend the removal period"); *Capone v. Harris Corp.*, 694 F. Supp. 111, 112 (E.D. Pa. 1988) ("The thirty day period is mandatory and cannot be extended by the Court."); *see also* 14C Charles Alan Wright et al., *Federal Practice & Procedure Jurisdiction* § 3731 (4th ed. 2014) ("The two 30-day time limitations in Section 1446 are mandatory. That is, as many courts have held, these periods must be measured strictly . . . .").

Cir. 1994). Procedural defects in a removal petition may be waived. *See Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072 (10th Cir. 1999). Upon the filing of plaintiff's motion to remand, which indicated that plaintiff did not wish to waive the untimeliness of defendants' notice of removal, defendants appropriately conceded that the case should be remanded. Thus, the Court declines to award plaintiff attorney's fees and costs pursuant to § 1447(c). *See Martin*, 393 F.3d at 1147 ("a plaintiff is not automatically entitled to attorney's fees simply because removal was ultimately determined to be improper").

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion for Remand [Docket No. 19] is **GRANTED** in part and **DENIED** in part. It is further

**ORDERED** that this case is remanded pursuant to 28 U.S.C. § 1447(c) to the District Court of Arapahoe County, Colorado where it was filed as Civil Case No. 15CV030340. It is further

**ORDERED** that plaintiff's request for attorney's fees is **DENIED**.

DATED May 27, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge